IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARINE LUMBER CO., | ) CIVIL NO. 16-00365 LEK-RLP |
| Plaintiff, | ) MEMORANDUM OPINION AND ORDER ON<br>) DISCOVERY ISSUES |
| vs. | ) |
| PRECISION MOVING AND STORAGE, INC., | ) |
| Defendant. | ) |

MEMORANDUM OPINION AND ORDER ON DISCOVERY ISSUES

Before the Court are two motions: Plaintiff's Motion to hold Defendant in Contempt for Failure to Appear and for Sanctions for Discovery Abuse, filed July 3, 2017 ("Depositions Motion") and Plaintiff's Motion for Sanctions for Discovery Abuse ("Discovery Abuse Motion"). ECF Nos. 80, 82. On July 17, 2017, Defendant filed its Opposition to the Deposition Motion, and on July 31, 2017, Plaintiff filed its Reply. ECF Nos. 89, 95. On July 21, 2017, Defendant filed its Opposition to the Written Discovery Motion, and on August 4, 2017, Plaintiff filed its Reply. ECF Nos. 90, 98. A hearing on the Motions was held on August 16, 2017. ECF Nos. 94, 104. Having reviewed the submissions of the parties and applicable law, and for the reasons set forth below, the Court GRANTS IN PART and DENIES IN PART the Motions.

/ / /

/ / /

BACKGROUND

This dispute arises out of an order of wooden crates called "lift vans" allegedly shipped from Marine Lumber Co. ("Marine") in Oregon to Precision Moving and Storage, Inc. ("Precision") in Hawaii. On June 30, 2016, Marine filed its Complaint alleging that Precision owes it payment for the lift vans. Discovery was stayed from December 23, 2016, until March 28, 2017, while Marine's motion for summary judgment was pending. ECF Nos. 46, 48. The parties resumed discovery in April. ECF No. 77-1 at 12. Marine received discovery responses in May. ECF No. 21-1 at 11; see also ECF Nos. 82-9; 82-10; 82-11; 82-12. In July, Marine filed the instant Motions. ECF Nos. 80, 82.

DISCUSSION

**I. Depositions Motion**

Marine argues that depositions of Precision's employees and corporate representative were properly noticed for depositions set for June 8 and 9, 2017 and that Precision's counsel and witnesses failed to appear or move for a protective order. See ECF No. 80-1 at 19. Marine seeks an order holding Precision, its counsel, and its five witnesses in contempt of court; $15,000 in expenses for appearing at the depositions and bringing this Depositions Motion; and terminating sanctions, including damages of $130,690.00, interest, and attorneys' fees and costs. ECF No. 80 at 3-5.

First, Marine requests to hold Precision and its witnesses in contempt under Rule 45. See ECF No. 80-1 at 19, 33. "Under Federal Rule of Civil Procedure 45(g), a party may seek an order to show cause as to why a contempt citation should not issue if a person 'fails without adequate excuse to obey [a] subpoena or an order related to it.'" AngioScore, Inc. v. TriReme Med., Inc., No. 12-CV-03393-YGR(JSC), 2014 WL 6706898, at *1 (N.D. Cal. Nov. 25, 2014) (quoting Fed. R. Civ. P. 45(g)). However, courts are generally reluctant to initiate such contempt proceedings absent a prior court order compelling compliance, even where no such order was previously sought, and especially when attorneys issue subpoenas as a matter of course and without judicial involvement. In re Consol. Meridian Funds, No. 10-17952, at *10 (Bankr. W.D. Wash. Apr. 5, 2013); Dallas Buyers Club, LLC v. Doe–71.238.61.141, No. 3:16-CV-00551-AC, 2016 WL 6208268, at *2 (D. Or. Oct. 21, 2016) (citing S.E.C. v. Hyatt, 621 F.3d 687, 694 (7th Cir. 2010)). Here, the subpoena was issued by Marine as a matter of course, and there is no prior order compelling compliance with it or otherwise compelling attendance at depositions. Therefore, contempt proceedings are not appropriate.

Second, Marine requests sanctions under Rule 37 for the missed depositions. See ECF No. 80-1 at 20, 34. Rule 37 provides that a party's failure to appear a deposition is not

excused unless the party has moved for a protective order. Fed. R. 37(d)(1)(A). Rule 37 grants courts discretion to sanction a party that fails to appear at its deposition. Fed. R. 37(d)(3). Here, on April 28, 2017, Marine requested to conduct depositions of Precision's corporate representative, president, and specific employees on June 8 and 9, 2017, explaining that Marine's pro-hac vice counsel would already be in Hawaii for the parties' settlement conference. ECF No. 80-3 at 100-01. Marine noticed and issued subpoenas for the depositions on May 2, 2017. See ECF Nos. 80-4; 80-5, 80-6. In the five weeks preceding the depositions, Precision did not move for a protective order. Precision, its counsel, and its corporate representative did not appear for the depositions. See ECF Nos. 80-7; 80-8. Therefore, the Court finds sanctions against Precision are appropriate under Rule 37.

Moreover, the Court finds that Precision's counsel has again failed to confer in good faith with Marine regarding discovery. See ECF No. 74 at 4-6 (prior order finding that "Precision's counsel did not attempt in good faith to resolve this [discovery] matter without judicial involvement"). In the weeks preceding the depositions, Precision discussed scheduling depositions with Marine and did not oppose scheduling depositions on June 8 and 9, 2017. See ECF Nos. 89-4; 89-5. In one such correspondence, Precision stated its understanding that Marine

4

wished to reschedule the depositions of Precision's witnesses from May to June, and that Precision "will proceed forward with discovery." ECF No. 89-25. However, on June 5,[1] 2017 -- five weeks after the initial request, three days before the depositions were set to begin, and after Marine's counsel arrived in Hawaii -- Precision informed Marine for the first time that all of Precision's witnesses and counsel were unavailable for the upcoming depositions, without explanation. ECF No. 80-1 at 19-20; ECF No. 89-27.

For the first time in its Opposition, Precision claims that each witness and counsel had various reasons for missing the depositions, such as medical issues and a family vacation. See ECF Nos. 89-1, 89-2, 89-3, 89-4, 89-5. The Court is not persuaded by Precision's claim that each of its four witnesses and its counsel were unavailable for unrelated reasons on June 8 and 9, 2017, while Marine's counsel was in Hawaii, but that each witness was available for a number of dates beginning on June 26, 2017. See ECF Nos. 89-1, 89-2, 89-3, 89-4, 89-5.

Even if the absences were fully justified, it would not excuse Precision's counsel's delay in conferring with its

---

[1] On June 2, 2017, Precision's counsel drafted a letter response, which was sent via a facsimile over the ensuing weekend and first received by Marine's counsel on June 5, 2017. ECF No. 80-1 at 19. On June 1, 2017, one day prior, this Court admonished Precision's counsel for its earlier practice of responding to Marine's counsel untimely and indirectly. See ECF No. 74 at 6-7.

5

witnesses and with Marine.  Precision does not appear to have
conferred with its witnesses regarding depositions until June 2,
2017 - less than a week before the depositions were scheduled to
begin.  See ECF Nos. 89-1, 89-2, 89-3, 89-4, 89-5.  Sanctions
against Precision are warranted.

Therefore, the Court ORDERS Precision's counsel and
each witness noticed by Marine to appear for depositions in
Honolulu, Hawaii at a time and place noticed by Marine within 30
days.  Marine's counsel shall provide Precision's counsel at
least two dates of availability for depositions within the next
30 days, by no later than August 16, 2017.  Precision's counsel
shall select among those and inform Marine's counsel, by no later
than August 17, 2016.  The deadline for discovery is extended for
the limited purpose of conducting these depositions.  Precision
will bear the expense of the depositions up to $1,500.  Each
party shall bear its own attorneys fees and travel costs.

The Court further ORDERS Precision to pay Marine $1,500
in attorneys' fees and costs for the missed depositions and for
the bringing of this Motion, by no later than August 23, 2017.
The Court DENIES Marine's requests to impose terminating
sanctions and DENIES Marine's request to intimate contempt
proceedings against Precision and its witnesses.

**II. Discovery Abuse Motion**

Marine argues that the majority of Precision's

6

responses to written discovery requests are deficient and seeks sanctions under Rule 37. See ECF No. 82 at 6. Marine requests $15,000 in litigation expenses for bringing this Discovery Abuse Motion and terminating sanctions, including damages of $130,690.00, interest, and attorneys' fees and costs. ECF No. 82 at 5. Although Marine does not ask the Court to compel specific responses, many of Precision's responses are deficient, and Precision has failed to confer with Marine in good faith, as set out in detail below.

**A. Precision's Deficient Discovery Responses**

    **1. Requests for Answers to Interrogatories**

First, Precision provides boilerplate objections in response to each interrogatory. See ECF Nos. 82-9; 82-12. Several responses recite the boilerplate objection and provide nothing further. See id., Response Nos. 3, 4, 6, 11, and 12. Under Rule 33, boilerplate objections to interrogatories are not permitted. Fed. R. Civ. P. 33(b)(4). "The grounds for objecting to an interrogatory must be stated with specificity." Id. Therefore, Precision's Responses to Request for Answers to Interrogatories are deficient.

Moreover, Precision's responses appear intended to prevent the discovery of relevant information and to obstruct the discovery process. For example, Request for Answers to Interrogatories Nos. 2 and 7 ask Precision to identify those with

7

knowledge of this case.  ECF No. 82-9.  Although Precision provided declarations from two witnesses when opposing summary judgment, see ECF Nos. 28-2 and 28-3, Precision has not identified such individuals in this response.  Additionally, a number of responses include inappropriate personal attacks against opposing counsel and Marine's employees.  See ECF No. 82-9. Nos. 2, 5, 7, 8.  Therefore, supplemental responses to the interrogatories are warranted.

However, Request for Answers to Interrogatories Nos. 9 and 10 inquire into Precision's lawsuits with non-parties.  Such discovery is not proportional to the needs of this case at this juncture.  See Fed. R. Civ. P. 26(b)(1).  If Marine succeeds on its claim and is entitled to a monetary judgment against Precision, additional discovery on Precision's financial status may be appropriate at that time.  Accordingly, Precision is not required to provide supplemental responses to Request for Answers to Interrogatories Nos. 9 and 10.

Accordingly, the Court ORDERS Precision to provide Marine supplemental responses to Request for Answers to Interrogatories Nos. 1-8 and 11-63, which refrain from reciting boilerplate objections and personal attacks, by no later than August 23, 2017.

/ / /

/ / /

### 2. Requests for Production of Documents

Precision has not produced a single document in discovery, responding to each request with a boilerplate objection or a statement that it has no responsive documents. These responses are deficient.

As an initial matter, Request for Production of Documents Nos. 8 through 12 seek information related to Precision's financial status. Such discovery is not proportional to the needs of this case at this juncture. See Fed. R. Civ. P. 26(b)(1). A party is entitled only to discovery that is proportionate to the needs of the case, considering, among other things, "the importance of the issues," "the amount in controversy," "parties' resources," and the discovery's importance in resolving the issues. Id. If Marine succeeds on its claim and is entitled to a monetary judgment against Precision, additional discovery on Precision's financial status may be appropriate at that time. Accordingly, Precision is not required to provide supplemental responses to Request for Production of Documents Nos. 8 through 12.

Regarding the remaining requests, Precision has asserted boilerplate objections to every Request for Production of Documents. See ECF Nos. 82-10; 82-13. A party responding to a request for production of documents must "state with specificity the grounds for objecting to the request, including

the reasons." Fed. R. Civ. P. 34(b)(2)(B). "[U]nexplained and unsupported boilerplate objections are improper." Duran v. Cisco Sys., Inc., 258 F.R.D. 375, 379 (C.D. Cal. 2009) (citing Burlington N. & Santa Fe Ry. Co. v. United States Dist. Ct. of Mont., 408 F.3d 1142, 1149 (9th Cir. 2005)). Here, Precision provides the same boilerplate objection in response to every Request for Production of Documents, and many provide nothing further. See ECF No. 82-10, Response Nos. 3, 5-12; ECF No. 82-13, Response Nos. 19-20. Therefore, Precision's responses are insufficient.

Additionally, Precision's Responses to Requests for Interrogatories also appear drafted with the intention to prevent the discovery of relevant information. In addition to the boilerplate objections, Precision has claimed that it does not have a single responsive document to produce, including no copies of emails it has exchanged with Marine. See ECF No. 82-10 at 5-6 (asserting the only communications between the parties are "self-serving" letters sent by Marine's counsel). Marine has provided multiple emails it asserts it received from Precision. See, e.g., ECF No. 82-16 at 96, 100, 127. Therefore, Precision's lack of production of a single document and its repeated use of boilerplate objections to requests for production of documents have thwarted the discovery process.

Accordingly, the Court ORDERS Precision to provide Marine supplemental responses to Request for Production of Documents Nos. 1-7 and 13-20, which refrain from reciting boilerplate objections, by no later than August 23, 2017.

### 3. Requests for Admissions

As with its other responses, Precision has set forth boilerplate objections to each Request for Admissions, and many provide nothing further. See ECF No. 82-11. Rule 36(a)(5) does not permit boilerplate objections in response to requests for admission. Fed. R. Civ. P. 36(a)(5). "[T]he grounds for objecting to a request [for admission] must be stated." Id. Therefore, Precision's Responses to Marine's Request for Admissions are each deficient. Additionally, the Court notes that Response No. 2 is identical to Response No. 1, which appears to be a clerical error.

Accordingly, the Court ORDERS Precision to provide Marine supplemental responses to Request for Admissions that refrain from reciting boilerplate objections, by no later than August 23, 2017.

### B. Sanctions

Marine requests sanctions for Precision's discovery abuses, specifically "an order striking Precision's Answer, entering a default judgment in Marine's favor and against Precision in the principal amount of $130,690.00," and statutory

attorney fees for the underlying litigation, as well as $15,000 in fees for the instant Motion.  ECF No. 82-1 at 33.  Under Rule 37, When a court grants a motion compelling discovery, the Court must award reasonable expenses, including attorneys' fees, to the prevailing party unless objections to the discovery were substantially justified or other circumstances make an award of expenses unjust.  Fed. R. Civ. P. 37(a)(5)(A).  Here, the Court has granted Marine's Motion, and therefore must award costs to Marine unless Precision's objections were substantially justified or an award would be unjust.

As discussed, Precision's discovery responses are deficient and have obstructed discovery.  Sanctions against Precision are appropriate.  While Marine requests terminating sanctions, such sanctions are extreme.  Although courts generally have wide discretion to impose discovery sanctions, the Court's discretion to impose terminating sanctions is more narrow.  To warrant terminating sanctions, the Court must consider: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions;" (4) "the availability of less drastic sanctions," including whether "the court has considered lesser sanctions," whether it has tried the lesser sanctions, and "whether it has warned the recalcitrant party about the possibility of case-dispositive sanctions"; and (5) "the public

policy favoring disposition of cases on their merits." Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007). Here, there is no prior court order compelling Precision's compliance with discovery requests, nor has the Court previously warned Precision about the possibility of case-dispositive sanctions. Therefore, less drastic sanctions are available and appropriate.

Accordingly, the Court ORDERS Precision's counsel, as the attorney advising Precision's conduct, to pay Marine $2,500 in sanctions for the multiple discovery abuses, no later than August 23, 2017. See Fed. R. Civ. P. 37(a)(5)(A)(when a party's conduct has resulted in a discovery motion, permitting a court to sanction "the attorney advising that conduct"). Precision's counsel is advised that her continued failure to proceed with discovery in good faith will result in escalating sanctions. Moreover, failure to comply with the Court's order or the federal or local rules regarding discovery will result in more severe sanctions, such as deemed admission sanctions and terminating sanctions. See Fed. R. Civ. P. 37(b)(2)(A)(i) and (iv).

The Court further ORDERS Precision's counsel to review the Guidelines of Professional Courtesy and Civility for Hawaii Lawyers, available at http://www.courts.state.hi.us/legal_references/rules/rulesOfCourt. Precision's counsel shall

thereafter file with this Court a certificate of compliance, by no later than August 23, 2017.

## CONCLUSION

Based on the foregoing, the Court ORDERS as follows:

1) The Court ORDERS Precision's counsel and each witness noticed by Marine to appear for depositions at a time and place noticed by Marine within 30 days. Marine's counsel shall provide Precision's counsel at least two dates of availability for depositions within the next 30 days, by no later than August 16, 2017. Precision's counsel shall select among those and inform Marine's counsel by no later than August 17, 2016. The deadline for discovery is extended for the limited purpose of conducting these depositions. Precision will bear the expense of the depositions up to $1,500. Each party shall bear its own attorneys fees and travel costs.

2) The Court ORDERS Precision to pay Marine $1,500 in attorneys' fees and costs for the missed depositions and for bringing the Motion to Holding Defendant in Contempt for Failure to Appear, by no later than August 23, 2017.

3) The Court ORDERS Precision to provide Marine supplemental responses to Request for Answers to Interrogatories Nos. 1-8 and 11-63; Request for Production of Documents Nos. 1-7 and 13-20; and Request for Admissions Nos. 1-63, by no later than August 23, 2017. The supplemental responses must refrain from

boilerplate objections or personal attacks.  Any objections must be made with specificity and must set forth the grounds in support.

4) The Court ORDERS Precision's counsel, as the attorney advising Precision's conduct, to pay Marine $2,500 in sanctions for the multiple discovery abuses, no later than August 23, 2017.  See Fed. R. Civ. P. 37(a)(5)(A)(when a party's conduct has resulted in a discovery motion, permitting a court to sanction "the attorney advising that conduct").  Precision's counsel is advised that her continued failure to proceed with discovery in good faith will result in escalating sanctions.  Moreover, failure to comply with the Court's order or the federal or local rules regarding discovery will result in more severe sanctions, such as deemed admission sanctions and terminating sanctions.  See Fed. R. Civ. P. 37(b)(2)(A)(i) and (iv).

5)  The Court ORDERS Precision's counsel to review the Guidelines of Professional Courtesy and Civility for Hawaii Lawyers, available at http://www.courts.state.hi.us/legal_references/rules/rulesOfCourt.  Precision's counsel shall thereafter file with this Court a certificate of compliance, by no later than August 23, 2017.

6)  The Court DENIES Marine's request to impose terminating sanctions against Precision.

7) The Court DENIES Marine's request to initiate contempt proceedings against Precision and its witnesses.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, AUGUST 16, 2017.



_____
Richard L. Puglisi
United States Magistrate Judge

**MARINE LUMBER CO. v. PRECISION MOVING & STORAGE; CIVIL NO. 16-00365 LEK-RLP; MEMORANDUM OPINION AND ORDER ON DISCOVERY ISSUES**