IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARINE LUMBER CO., an Oregon corporation,<br><br>      Plaintiff,<br><br>  vs.<br><br>PRECISION MOVING & STORAGE INC., a Hawaii corporation; DOE DEFENDANTS 1-50,<br><br>      Defendants. | CIVIL 16-00365 LEK-RLP |

**ORDER DENYING APPEALS OF THE MAGISTRATE JUDGE'S ORDERS FILED ON JUNE 1, 2017, AUGUST 16, 2017, AND AUGUST 17, 2017**

Before the Court are the following appeals of orders issued by the magistrate judge:

-Defendant Precision Moving & Storage Inc.'s ("Defendant" or "Precision") appeal, filed on June 9, 2017, of the June 1, 2017 Order Granting Plaintiff's Motion for Protective Order and Sanctions for Discovery Abuse ("6/1/17 Order" and "6/1/17 Order Appeal"); [dkt. nos. 74, 76;]

-Defendant's appeal, filed on August 25, 2017, of the August 16, 2017 Memorandum Opinion and Order on Discovery Issues ("8/16/17 Order" and "8/16/17 Order Appeal"); [dkt. nos. 105, 124;[1]] and

-Plaintiff Marine Lumber Co.'s ("Plaintiff" or "Marine") appeal, filed on August 31, 2017, of the August 17, 2017 Order Denying Plaintiff's Motion for Leave to Amend ("8/17/17 Order" and "8/17/17 Order Appeal"); [dkt. nos. 106, 130].

Plaintiff filed its response to the 6/1/17 Order Appeal on June 23, 2017, and Defendant filed its reply on August 29, 2017. [Dkt. nos. 79, 128.] Plaintiff filed its response to the 8/16/17

---

[1] The 8/16/17 Order is also available at 2017 WL 3568668.

Order Appeal on September 8, 2017, and Defendant filed its reply on September 22, 2017. [Dkt. nos. 140, 151.] Defendant filed its response to the 8/17/17 Order Appeal on September 14, 2017, and Plaintiff filed its reply on September 28, 2017. [Dkt. nos. 146, 156.] The Court has considered the appeals as non-hearing matters pursuant to Rule LR7.2(e) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). The 6/1/17 Order Appeal, the 8/16/17 Order Appeal, and the 8/17/17 Order Appeal are hereby denied for the reasons set forth below.

**BACKGROUND**

**I. 6/1/17 Order Appeal**

A settlement conference was originally scheduled for May 23, 2017, and the parties agreed to depose Edward McGrath, Plaintiff's party representative, in Hawai`i on May 24, 2017 because Plaintiff's lead counsel and Mr. McGrath – who both live in Oregon – would be in Hawai`i for the settlement conference. When the settlement conference was continued to June 6, 2017,[2] Defendant refused to continue Mr. McGrath's deposition to June 7, 2017. [6/1/17 Order at 1-2.] Defense counsel notified Plaintiff's counsel that Mr. McGrath's deposition would proceed on May 24, 2017. [Def.'s Mem. in Opp. to Motion for Protective

---

[2] The settlement conference was continued "[p]er counsel's agreement." [EO, filed 4/28/17 (dkt. no. 62).]

Order, filed 5/25/17 (dkt. no. 71), Decl. of Sheri J. Tanaka, Exh. F (letter dated 5/6/17).] Plaintiff did not produce Mr. McGrath for deposition on May 24. See Reply in Supp. of 6/1/17 Order Appeal, Decl. of Sheri J. Tanaka ("Tanaka 6/1/17 Order Appeal Reply Decl.") at ¶ 5 (stating that the 6/1/17 Order was filed "eight days after the no-show").[3]

Two days before the scheduled deposition date, Plaintiff filed a Motion for Protective Order and Sanctions for Discovery Abuse ("Motion for Protective Order"). [Dkt. no. 69.] The magistrate judge granted the Motion for Protective Order, finding that there was good cause to prevent undue burden and expense. [6/1/17 Order at 5.] The magistrate judge awarded Plaintiff $2,500 in attorneys' fees and costs, finding that Defendant's objections to the proposed June 7, 2017 deposition date were not substantially justified. [Id. at 6-7.]

In the 6/1/17 Order Appeal, Defendant argues that: the magistrate judge erred in allowing Plaintiff to dictate the date of the deposition based on Plaintiff's preference; making Mr. McGrath and Plaintiff's counsel travel to Hawai`i for the May 24, 2017 deposition would not have an undue burden or expense because Plaintiff chose to file the case in Hawai`i; Plaintiff did not try to resolve the dispute without court intervention;

---

[3] Mr. McGrath's deposition occurred on July 21, 2017, in Portland, Oregon. [Tanaka 6/1/17 Order Appeal Reply Decl. at ¶ 6.]

3

and the fee award was unrelated to Mr. McGrath's deposition.

## II. 8/16/17 Order Appeal

On April 28, 2017, Plaintiff's counsel requested to conduct depositions of various Precision personnel on June 8 and 9, 2017, *i.e.* following the June 7, 2017 settlement conference. Defendant's counsel did not inform Plaintiff's counsel until June 5, 2017 that Defendant's counsel and witnesses were not available on those dates, and counsel did not provide any explanation. [8/16/17 Order at 4-5.] "Precision, its counsel, and its corporate representative did not appear for the depositions." [Id. at 5.] Defendant did not move for a protective order regarding the June 8 and 9 depositions.

On July 3, 2017, Plaintiff filed a Motion to Hold Defendant in Contempt for Failure to Appear and for Sanctions for Discovery Abuse regarding the depositions noticed for June 8 and 9 ("Depositions Motion"). [Dkt. no. 80.] On July 7, 2017, Plaintiff filed a Motion for Sanctions for Discovery Abuse, arguing that sanctions were warranted because the majority of Defendant's written discovery responses were deficient. ("Sanctions Motion"). [Dkt. no. 82.] The magistrate judge granted both motions in part and denied them in part. [8/16/17 Order at 1.] The magistrate judge granted the Deposition Motion insofar as he ordered Defendant to pay: the expenses for new deposition dates, up to $1,500; and $1,500 in attorneys' fees and

4

costs that Plaintiff incurred because of the missed June 8 and 9 depositions and in bringing the Depositions Motion. [Id. at 6.] In response to the Sanctions Motion, the magistrate judge concluded that Defendant's responses to various discovery requests were inadequate, ordered Defendant to provide complete responses, and sanctioned Defendant's counsel $2,500. [Id. at 7-13.]

In the 8/16/17 Order Appeal, Defendant argues that: the order to provide additional discovery responses and the award of sanctions was not appropriate because the Sanctions Motion was not a motion to compel; the magistrate judge should not have ordered Defendant to supplement its responses to Plaintiff's requests for interrogatories and requests for admissions, and should not have awarded sanctions, because Defendant had already provided substantive responses in supplemental responses; and the magistrate judge's ruling regarding the June 8 and 9 depositions was inconsistent with his ruling in the 6/1/17 Order regarding the May 24, 2017 deposition of Mr. McGrath. Defendant argues that the inconsistency is evidence of favoritism toward Marine's mainland counsel.

### III. 8/17/17 Order Appeal

On June 22, 2017, Plaintiff filed a Motion for Leave to Amend ("Motion to Amend"). [Dkt. no. 77.] Plaintiff sought leave to: add a claim for fraud in the inducement, with a prayer

5

for punitive damages; add a claim for violation of the Uniform Commercial Code ("UCC"); and make various changes to "clean up" the Complaint, including adding a prayer for incidental damages, clarifying the existing prayer for interest, changing the terminology in the Complaint from "materials" to "goods", and adjusting the relevant date ranges.  The magistrate judge denied leave to amend because the deadline to amend pleadings had passed and Plaintiff did not show that it was diligent in pursuing the new claims.  The magistrate judge found that Plaintiff knew about the basis for the proposed fraud and UCC claims by October 2016 from Precision's answer and from the materials Defendant submitted in opposition to Plaintiff's Motion for Summary Judgment.[4]  [8/17/17 Order at 3-5.]

In the 8/17/17 Order Appeal, Plaintiff asserts that it was diligent in seeking to bring its new claims because discovery was stayed until this Court filed the Order Denying Plaintiff's Motion for Summary Judgment ("Summary Judgment Order") on

---

[4] Defendant filed its Answer to the Complaint Filed June 30, 2016 ("Answer") on August 5, 2016.  [Dkt. no. 15.]  Plaintiff filed its Motion for Summary Judgment on the same day.  [Dkt. no. 17.]  Defendant filed its memorandum in opposition to the Motion for Summary Judgment ("Summary Judgment Opposition") on October 10, 2016.  [Dkt. no. 28.]  Plaintiff filed its reply ("Summary Judgment Reply") on October 17, 2017.  [Dkt. no. 30.]  This Court held a hearing on October 31, 2016.  Plaintiff filed a surreply ("Summary Judgment Surreply") on November 15, 2016.  [Dkt. no. 40.]

March 28, 2017.[5]  See dkt. no. 48 (Summary Judgment Order).[6]
Plaintiff states that it did not have a factual basis to plead
the fraud and UCC claims until after discovery.  Plaintiff argues
it was reasonable for it not to take action on this case during
the stay because this Court's statements at the hearing on the
Motion for Summary Judgment suggested that this Court was likely
to grant at least partial summary judgment in Plaintiff's favor.
Thus, Plaintiff argues it was reasonable for it to wait until the
Summary Judgment Order was filed to purpose the possible fraud
and UCC claims.

**STANDARD**

This district court has stated:

> Pursuant to 28 U.S.C. § 636(b)(1)(A), Federal
> Rule of Civil Procedure 72(a), and LR 74.1, any
> party may appeal to the district court any
> pretrial nondispositive matter determined by a
> magistrate judge.  Such an order may be reversed
> by the district court judge only when it is
> "clearly erroneous or contrary to law."  28 U.S.C.
> § 636(b)(1)(A); LR 74.1.  An order is "contrary to
> law" when it "fails to apply or misapplies

---

[5] The magistrate judge stayed discovery "until the court issue[d] a ruling on Plaintiff's pending motion for summary judgment."  [Order Granting in Part & Denying in Part Pltf.'s Motion for Protective Order, filed 12/23/16 (dkt. no. 46), at 4.] On January 31, 2017, this Court issued an entering order informing the parties that the Motion for Summary Judgment was denied and that a written order would follow ("1/31/17 EO Ruling").  [Dkt. no. 47.]  The stay remained in effect until the Summary Judgment Order was issued on March 28.  See, e.g., 6/1/17 Order at 3 (discussing the stay).

[6] The Summary Judgment Order is also available at 2017 WL 1159093.

7

relevant statutes, case law, or rules of procedure." Akey v. Placer Cty., 2017 WL 1831944, at *10 (E.D. Cal. May 8, 2017) (citation and quotation marks omitted). And an order is "clearly erroneous" if, after review, the court has a "definite and firm conviction that a mistake has been committed." Easley v. Cromartie, 532 U.S. 234, 242 (2001); Fisher v. Tucson Unified Sch. Dist., 652 F.3d 1131, 1136 (9th Cir. 2011); Cochran v. Aguirre, 2017 WL 2505230, at *1 (E.D. Cal. June 9, 2017) (citing cases). "[R]eview under the 'clearly erroneous' standard is significantly deferential." Concrete Pipe & Prods. v. Constr. Laborers Pension Tr., 508 U.S. 602, 623 (1993). Thus, the district court "may not simply substitute its judgment for that of the deciding court." Grimes v. City & Cty. of S.F., 951 F.2d 236, 241 (9th Cir. 1991); Cochran, 2017 WL 2505230, at *1.

"'Pretrial orders of a magistrate' judge 'under § 636(b)(1)(A) . . . are not subject to a de novo determination.'" Hypolite v. Zamora, 2017 WL 68113, at *1 (E.D. Cal. Jan. 6, 2017) (quoting Merritt v. Int'l Bhd. of Boilermakers, 649 F.2d 1013, 1017 (5th Cir. 1981)). Consideration by the reviewing court of new evidence, therefore, is not permitted. United States ex rel. Liotine v. CDW Gov't, Inc., 2013 WL 1611427, at *1 (S.D. Ill. Apr. 15, 2013) ("If the district court allowed new evidence [on review of a magistrate judge's non-dispositive order], it would essentially be conducting an impermissible de novo review of the order."); cf. United States v. Howell, 231 F.3d 615, 621 (9th Cir. 2000) (determining that "a district court has discretion, but is not required, to consider evidence presented for the first time" in a de novo review of a magistrate judge's dispositive recommendation).

McAllister v. Adecco USA Inc., Civ. No. 16-00447 JMS-KJM, 2017 WL 2818198, at *2 (D. Hawai`i June 29, 2017) (alterations in McAllister).

**DISCUSSION**

**I. 6/1/17 Order Appeal**

Defendant first argues that Plaintiff's request to continue Mr. McGrath's deposition from May 24, 2017 to June 7, 2017 was merely a matter of Plaintiff's preference. This argument is rejected because, as the magistrate judge found, the request was clearly based on the continuance of the settlement conference. [6/1/17 Order at 2.] Further the two-week delay was "relatively minor in the scope of this litigation." [Id. at 3.]

The magistrate judge also found that it was an undue burden and expense to require Plaintiff's lead counsel and Mr. McGrath to travel to Hawai`i for the May 24 deposition and again for the June 6 settlement conference, particularly because the deposition would have been unnecessary if the settlement conference was successful. [Id.] Neither the fact that Plaintiff chose to file this case in Hawai`i nor any other argument in Defendant's 6/1/17 Order Appeal establishes that the magistrate judge's finding was clearly erroneous.

Defendant's argument that Plaintiff's counsel did not attempt to resolve the issue without court intervention is also rejected. The magistrate judge found that Plaintiff's counsel made multiple attempts to confer with defense counsel in order to address the issue regarding Mr. McGrath's deposition, and it was defense counsel who refused to correspond with Plaintiff's lead

9

counsel by email and was uncooperative when Plaintiff's lead counsel attempted to schedule a telephone conference. [Id. at 6-7.] Defendant has not identified any evidence in the record which establishes that the magistrate judge's finding was clearly erroneous. In fact, the record contains abundant support for the magistrate judge's finding. See generally Pltf.'s Motion for Protective Order, Decl. of Joshua D. Stadtler ("Stadtler Protective Order Decl."), Exh. 2 (correspondence between Mr. Stadtler and defense counsel regarding various discovery issues, including the scheduling of Mr. McGrath's deposition).

Defendant's final argument that the $2,500 award of fees and costs was unrelated to Mr. McGrath's deposition is also rejected. The Motion for Protective Order sought $5,000 in sanctions against Defendant. [Motion for Protective Order at 3.] Defendant incurred "in excess of $5,000 in attorney fees in [Mr. Stadtler's] ultimately unsuccessful efforts to confer with [defense] counsel about the disputed issue that gave rise to this Motion, and then in drafting this Motion, the supporting declarations, and compiling the exhibits." [Stadtler Protective Order Decl. at ¶ 10.] The implicit finding that Plaintiff incurred at least $2,500 in reasonable attorneys' fees and costs associated with Defendant's refusal to reschedule Mr. McGrath's deposition was not clearly erroneous, and the $2,500 award in the 6/1/17 Order was not contrary to law. See Fed. R. Civ. P.

26(c)(3) (stating that Fed. R. Civ. P. 37(a)(5)(A) "applies to the award of expenses" related to a motion for a protective order).[7]

Defendant has failed to show that the 6/1/17 Order was clearly erroneous or contrary to law. Defendant's 6/1/17 Order Appeal is therefore denied, and the magistrate judge's 6/1/17 Order is affirmed.[8] This Court orders Defendant to pay the $2,500 award of attorneys' fees and costs to Plaintiff, through Plaintiff's counsel, by **December 1, 2017.**

---

[7] Rule 37(a)(5)(A) states:

> If the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> > (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> >
> > (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> >
> > (iii) other circumstances make an award of expenses unjust.

[8] Any argument raised in the 6/1/17 Order Appeal that is not specifically addressed in this Order is also rejected.

11

## II. **8/16/17 Order Appeal**

In the 8/16/17 Order Appeal, Defendant first argues that the magistrate judge erred in construing the Sanctions Motion as a motion to compel. The Sanctions Motion primarily sought an order

> strik[ing] Precision's Answer and enter[ing] a default judgment in Marine's favor and against Precision in the principal amount of $130,690.00, plus pre- and post-judgment interest thereon at the statutory rate of 10 percent per annum from the date such amount was due and owing until paid in full, together with an award of statutory attorney fees, pursuant to Section 607-14 of the Hawaii Revised Statutes.

[Sanctions Motion at 4.] Plaintiff also sought various other forms of relief as an alternative to terminating sanctions, including an order "striking Precision's boilerplate objections to Marine's admission and document production requests, and interrogatories, and requiring Precision to amend and supplement each of Precision's responses so as to directly respond to the request or interrogatory." [Id. at 5-6 n.5.] Defendant notes that the 8/16/17 Order recognized Plaintiff had not sought to compel a response to any specific discovery request. [8/16/17 Order Appeal at 3.] However, this does not mean the Sanctions Motion was not a motion to compel because Plaintiff's position was that "effectively all" of Defendant's responses were inadequate, and all of Defendant's responses were "littered with improper and unnecessarily combative boilerplate objections."

12

[Sanctions Motion at 3.] The magistrate judge did not commit clear error in treating the Sanctions Motion like a motion to compel for purposes of Rule 37(a).

Defendant next argues that the magistrate judge erred in ordering it to provide supplemental interrogatory responses because Defendant had already submitted supplemental interrogatory responses on July 5, 2017. [8/16/17 Order Appeal at 5.] Even if the magistrate judge erred by not acknowledging the submission of Plaintiff's July 5 supplemental interrogatory responses, the error was harmless. An award of attorneys' fees and costs incurred in bringing the Sanctions Motion was still warranted because the original interrogatory responses were deficient, and Plaintiff did not receive the supplemental responses after the Sanctions Motion was filed. See Rule 37(a)(5)(A); see also Response to 8/16/17 Order Appeal, Decl. of Joshua D. Stadtler at ¶ 3 (stating that, although the supplemental responses to interrogatory requests and requests for admissions are dated July 5, 2017, his office did not receive them until July 10, 2017, after the filing of the Sanctions Motion).

Finally, Defendant's argument that the 8/16/17 Order shows favoritism to Plaintiff because it is inconsistent with the 6/1/17 Order is also rejected. In both orders, the magistrate judge found that defense counsel's actions regarding the

scheduling of the depositions at issue were not justifiable. Further, Plaintiff moved for a protective order prior to the scheduled May 24, 2017 deposition of Mr. McGrath, whereas Defendant did not do so prior to the scheduled depositions on June 8 and 9, 2017. The analysis in the two orders is consistent, and sanctions against Defendant were warranted in both instances.

Defendant has failed to show that the 8/16/17 Order was clearly erroneous or contrary to law. Defendant's 8/16/17 Order Appeal is therefore denied and the magistrate judge's 8/16/17 Order is affirmed.[9] If there are still any outstanding discovery requests that the 8/16/17 Order required Defendant to respond to, Defendant must respond to those requests by **November 16, 2017**. Further, this Court orders Defendant to pay the sanctions set forth in the 8/16/17 Order to Plaintiff, through Plaintiff's counsel, by **December 1, 2017**.

### III. 8/17/17 Order Appeal

Plaintiff argues that the 8/17/17 Order "turned solely on the question of whether [it] exercised reasonable diligence in seeking leave to amend," and Plaintiff "could not have reasonably met the March 24, 2017 deadline for the parties to amend their pleadings." [Mem. in Supp. of 8/17/17 Order Appeal at 9.] The

---

[9] Any argument raised in the 8/16/17 Order Appeal that is not specifically addressed in this Order is also rejected.

14

magistrate judge found that Plaintiff was "aware of the facts and theories relevant to its fraud claim since at least October 2016." [8/17/17 Order at 3.] Plaintiff contends that this was clearly erroneous because neither Defendant's Answer nor the Summary Judgment Opposition were sufficient to make Plaintiff "aware of the facts and theories necessary to plead a fraud claim under Fed. R. Civ. P. 9(b)'s particularity pleading standard or a prayer for punitive damages under the wanton, oppressive, malicious, or willful standard." [Mem. in Supp. of 8/17/17 Order Appeal at 11-12.] The magistrate judge's finding that Plaintiff knew about the basis for a potential fraud claim before the post-summary judgment discovery was correct. Even if it is true that Defendant did not have enough facts until after discovery to satisfy the Rule 9(b) heightened pleading standard, that would not render the magistrate judge's finding that Plaintiff was not diligent in seeking leave to amend clearly erroneous.

After the 1/31/17 EO Ruling, Plaintiff was aware that the Motion for Summary Judgment would be denied in its entirety. At that point, the deadline to amend pleadings was still open. Plaintiff could have sought to have the stay lifted and the scheduling order amended because Plaintiff needed additional time before filing an amended complaint to conduct discovery regarding the possible fraud claim. Plaintiff did not do so, perhaps because it was hoping that this Court's written order addressing

15

the Motion for Summary Judgment would ultimately be contrary to the 1/31/17 EO Ruling. At a minimum, Plaintiff could have moved to amend the scheduling order immediately after the filing of the Summary Judgment Order, which was issued only a matter of days after the deadline to add parties and amend pleadings had passed. In light of the stay and the issuance of the Summary Judgment Order, the magistrate judge presumably would have found good cause to amend the scheduling order and extended the deadline for Plaintiff to file its amended complaint. Plaintiff, however, did not move for an amendment of the scheduling order until it filed the Motion for Leave to Amend on June 22, 2017. [Dkt. no. 77.] Plaintiff had the proposed amended complaint prepared by the June 6, 2017 settlement conference, and showed it the magistrate judge and Defendant's counsel "in the lead up to" the conference. [Mem. in Supp. of 8/17/17 Order Appeal at 8.] Thus, Plaintiff was clearly working on the amended complaint well before June 6, 2017, even though the deadline to amend pleadings had closed. Plaintiff chose not to move to amend the scheduling order until June 22, 2017 – almost three months after the deadline to amend pleadings had passed. Under the circumstances of this case, the magistrate judge did not commit clear error when he found that Plaintiff was not diligent in seeking to amend its Complaint to add a fraud claim. Further, the magistrate judge's denial of leave to add the proposed fraud claim was not contrary to law.

The magistrate judge also found that Plaintiff was not diligent in pursuing the UCC claim. As noted by the magistrate judge, [8/17/17 Order at 5,] Plaintiff was aware of the basis for its potential UCC claim in October 2016. In its Summary Judgment Reply, Plaintiff argued that it should prevail on Count I – its breach of contract claim – because, under the UCC, the parties formed a contract and Defendant accepted the materials Plaintiff delivered. [Summary Judgment Reply at 6-8.] Plaintiff also argued at the hearing on the Motion for Summary Judgment that this Court should grant summary judgment as to Count I based on the UCC theory. [Trans. of 10/31/16 Hrg. on Motion for Summary Judgment, filed 11/18/16 (dkt. no. 42), at 6.] Plaintiff's argument was not addressed in the Summary Judgment Order because a UCC claim was not properly pled in the Complaint. Although Plaintiff was aware of the basis for its UCC claim in October 2016, it did not seek leave to amend until June 2017. The magistrate judge's finding that Plaintiff was not diligent in pursuing its UCC was not clearly erroneous. Further, the magistrate judge's denial of leave to add the proposed UCC claim was not contrary to law.

Finally, as to the proposed changes to "clean up" the Complaint, the magistrate judge found that Plaintiff was not diligent in bring those amendments because Plaintiff failed to identify either the facts it learned in discovery that supported

17

the amendments or the reasons why it was unable to propose the amendments prior to the deadline to amend pleadings. [8/17/17 Order at 5.] Plaintiff has failed to present any reason why this findings were clearly erroneous. The magistrate judge's denial of leave to make the proposed "clean up" amendments was not contrary to law.

Because Plaintiff has not set forth any ground that warrants reversal of the 8/17/17 Order, Plaintiff's appeal is denied and the 8/17/17 order is affirmed.[10]

## CONCLUSION

On the basis of the foregoing, the following are HEREBY DENIED: Defendant's June 9, 2017 appeal of the magistrate judge's Order Granting Plaintiff's Motion for Protective Order and Sanctions for Discovery Abuse; Defendant's August 25, 2017 appeal of the magistrate judge's Memorandum Opinion and Order on Discovery Issues; and Plaintiff's August 31, 2017 appeal of the magistrate judge's Order Denying Plaintiff's Motion for Leave to Amend. The magistrate judge's orders are AFFIRMED, and Defendant is ORDERED to comply with the June 1, 2017 order and the August 16, 2017 order by the deadlines set forth in the instant Order.

IT IS SO ORDERED.

---

[10] Any argument raised in the 8/17/17 Order Appeal that is not specifically addressed in this Order is also rejected.

DATED AT HONOLULU, HAWAII, October 17, 2017.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**MARINE LUMBER CO. VS. PRECISION MOVING & STORAGE, INC.; CIVIL 16-00365 LEK-RLP; ORDER DENYING APPEALS OF THE MAGISTRATE JUDGE'S ORDERS FILED ON JUNE 1, 2017, AUGUST 16, 2017, AND AUGUST 17, 2017**