UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| MARINE LUMBER CO., AN OREGON CORPORATION;<br><br>        Plaintiff,<br><br>    vs.<br><br>PRECISION MOVING & STORAGE, INC., A HAWAII CORPORATION; AND DOE DEFENDANTS 1-50,<br><br>        Defendants. | CIV. NO. 16-00365 LEK-WRP |

**ORDER LIFTING STAY AND DISMISSING<br>PLAINTIFF'S COMPLAINT FOR LACK OF PROSECUTION**

Plaintiff Marine Lumber Co. ("Marine Lumber") filed the Complaint in this case on June 30, 2016. [Dkt. no. 1.] On January 22, 2018, this case was stayed and administratively closed in light of Defendant Precision Moving & Storage, Inc.'s ("Precision Moving") initiation of a voluntary bankruptcy petition. See Minutes - **Amended** EO: Court Order Staying and Administratively Closing Case, filed 1/22/18 (dkt. no. 176). This Court directed Precision Moving to "submit a letter to this Court within seven days after the bankruptcy stay is lifted." [Id. at PageID.4660.]

It appears that Precision Moving's bankruptcy case has concluded. See In re Precision Moving & Storage, Inc., Bankr. Case No. 17-01337, Final Decree, filed 9/5/23 (dkt. no. 91).

However, Precision Moving did not advise this Court of the conclusion of the bankruptcy case, nor has Plaintiff Marine Lumber Co. ("Marine Lumber") requested that the instant case be reopened and the stay lifted. On March 19, 2024, this Court informed the parties that it was inclined to enter an order of dismissal and to terminate the case based on lack of prosecution. [Minute Order – EO: Court Order Informing the Parties of the Court's Inclination, filed 3/19/24 (dkt. no. 180) ("3/19/24 EO").] Neither Marine Lumber nor Precision Moving filed a response to the 3/19/24 EO.

After weighing the five dismissal factors set forth in Dreith v. Nu Image, Inc., 648 F.3d 779, 788 (9th Cir. 2011),[1] this Court finds that the public interest in the expeditious resolution of this litigation and this Court's interest in managing the docket strongly outweigh the policy favoring disposition of Marine Lumber's claims on the merits. This is

---

[1] The Ninth Circuit has

> identified five factors that a district court must consider before dismissing a case . . . : (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.

Dreith, 648 F.3d at 788 (citations and quotation marks omitted).

2

particularly true in light of the fact Marine Lumber has taken no action in this case since Precision Moving's bankruptcy case concluded over six months ago. Moreover, Precision Moving will not be prejudiced by the dismissal of the Complaint and the termination of this case because Precision Moving did not assert any counterclaims against Marine Lumber. See generally Answer to the Complaint Filed June 30, 2016, filed 8/5/16 (dkt. no. 15). Further, there are no less drastic alternatives available at this time.

This Court therefore LIFTS the stay in this case and DISMISSES the claims in Plaintiff's Complaint for lack of prosecution. See, e.g., Carver v. Hawai`i 1st Cir. Judiciary Judge(s) CASA Appointed Atty's, Case No. 23-cv-00611-DKW-RT, 2024 WL 778147, at *1 (D. Hawai`i Feb. 26, 2024) ("Federal courts have the authority to dismiss cases for failure to prosecute or failure to comply with court orders." (citing Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002))). This Court DIRECTS the Clerk's Office to close this case on **April 24, 2024,** unless Marine Lumber files a timely motion for reconsideration of this Order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, April 9, 2024.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**MARINE LUMBER CO. VS. PRECISION MOVING & STORAGE, INC.; CV 16-00365 LEK-WRP; ORDER LIFTING STAY AND DISMISSING PLAINTIFF'S COMPLAINT FOR LACK OF PROSECUTION**